445 A.2d 723

**COMMONWEALTH of Pennsylvania**

v.

**Ralph William WHITE, Jr. a/k/a Ralph William White, Appellant.**

Supreme Court of Pennsylvania.

Argued March 4, 1982.

Decided May 26, 1982.

Ivan S. Abrams, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

Appellant, Ralph William White, Jr., was convicted by a jury of murder of the third degree, aggravated assault, recklessly endangering another person and criminal mischief. Post-verdict motions were denied and appellant was sentenced to a prison term of ten to twenty years for murder with consecutive prison terms of five to ten years for assault, one to two years for recklessly endangering another person, and one to two years for criminal mischief. This direct appeal followed.

Appellant was originally represented by privately retained counsel through various pre-trial proceedings. Shortly prior

to commencement of trial, pre-trial counsel was replaced by a member of the Allegheny County Public Defender's office, who represented appellant at both trial and post-verdict motions. A third attorney was appointed to represent appellant in this direct appeal. Appellant presently raises numerous allegations of error, a majority of which concern the stewardship of both pre-trial and trial counsel. The record, however, neither substantiates nor refutes a number of appellant's claims concerning the effectiveness of prior counsel. In order to produce a record sufficient for our purposes, we remand this case for an evidentiary hearing.

Judgment of sentence is vacated and the matter is remanded for an evidentiary hearing on appellant's claim that either or both prior counsel provided ineffective representation. Should the hearing court determine that appellant received ineffective assistance of counsel, that court shall grant appellant a new trial; otherwise, the court shall reinstate the judgment of sentence. In either case, the aggrieved party may seek further appellate review from this Court.

FLAHERTY, J., did not participate in the consideration or decision of this case.

LARSEN, McDERMOTT and HUTCHINSON, JJ., concur in the result.